Filed 4/21/21  P. v. Allen CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B305715 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA356413) |
| v. | |
| ERIC GERARE ALLEN, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Eric Gerare Allen (defendant) appeals from the trial court's denial of his Proposition 57 motion to transfer his case to the juvenile court.  His appointed counsel filed a brief raising no issues and asked this court to treat this appeal as it would when such a brief is filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436, by conducting an independent review for arguable issues.  Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the

appellate court is not required to conduct such an independent review of the record. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, we do review a defendant's contentions or arguments if he files his own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.) Appointed counsel notified defendant of the court's policy, and defendant has filed a supplemental brief. We thus review the contentions and arguments contained in defendant's supplemental brief.

In 2012, defendant was convicted of one count of first degree murder; two counts of attempted murder committed willfully, deliberately, and with premeditation; and one count of making criminal threats. Defendant, who was 15 years old at the time of the crime, was initially sentenced to a total term of 107 years to life in prison. On appeal, the sentence was found to be the equivalent of life without parole and prohibited under the Eighth Amendment to the United States Constitution. We reduced the sentence to 50 years to life, but otherwise affirmed the judgment. (See *People v. Childress* (Sept. 4, 2013, B238241) [nonpub. opn.].)

On July 16, 2018 defendant filed a petition for writ of habeas corpus in superior court, seeking a "*Franklin* hearing"[1] and resentencing to 15 years to life due to Proposition 57.

On December 7, 2018 defendant's petition was denied as to resentencing but granted as to a *Franklin* hearing, and the matter was returned to the original trial court for such hearing. During the course of the hearing defense counsel sought to have

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

defendant's case transferred to juvenile court for further proceedings, pursuant to Proposition 57. Finding that Proposition 57 was not retroactive as to final judgments, the court denied the motion.

Defendant filed a timely notice of appeal from the order denying his motion.

In his supplemental brief, defendant contends that during his 2012 sentencing hearing, the trial court violated his constitutional right to speak prior to sentencing and that his case had been arbitrarily transferred to adult court.[2] Defendant now argues that the spirit of Proposition 57 requires retroactive application by extending its provisions to the inception of the case.

Enacted by the electorate November 9, 2016, Proposition 57 amended Welfare and Institutions Code section 707 and reduced the possible punishment for juveniles. It applies to all juveniles charged directly in adult court whose judgments were not final at the time Proposition 57 was enacted. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 304.)[3] "'[F]or the purpose of

---

[2] Defendant's murder case was filed in adult court, which was permitted under Welfare and Institutions Code section 707, former subdivision (d). (See Stats. 2010, ch. 178, § 97.)

[3] It follows from the reasoning of *People v. Superior Court* (*Lara*)*, supra*, 4 Cal.5th at pages 303 to 304, that Senate Bill No. 1391 (2017-2018 Reg. Sess.), which further amended the statute, also applies to nonfinal convictions under the rule of *In re Estrada* (1965) 63 Cal.2d 740, 742-746. (*People v. Federico* (2020) 50 Cal.App.5th 318, 324, review granted Aug. 26, 2020, S263082; *People v. Superior Court* (*I.R.*) (2019) 38 Cal.App.5th 383, 386, review granted Nov. 26, 2019, S257773.)

3

determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.'" (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) The grant of a *Franklin* hearing does not reopen a final judgment.  (*People v. Lizarraga* (2020) 56 Cal.App.5th 201, 207-208.)

The United States Supreme Court denied certiorari in defendant's appeal from the judgment on May 27, 2014.  (*Allen v. California* (2014) 572 U.S. 1142.)  Defendant's judgment thus became final in 2014 and is not subject to retroactive application of Proposition 57.  The trial court therefore did not err in denying the motion.

## DISPOSITION

The order denying defendant's motion to transfer his case to juvenile court is affirmed.

_____

ASHMANN-GERST, Acting P. J.     CHAVEZ, J.     HOFFSTADT, J.

4